# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDEX CUSTOMER INFORMATION**
**SERVICES, INC.,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:08-cv-431-Orl-28DAB**

**SIGNATURE PHARMACY, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 38)**
>
> **FILED:**       **April 7, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

        On March 14, 2008, Plaintiff Fedex Customer Information Services, Inc. ("Fedex") filed suit against Signature Pharmacy, Inc. seeking to collect shipping and transportation services in the amount of $99,554.55. Following failed settlement negotiations, and with no opposition filed by Defendant, District Judge Antoon granted summary judgment to Fedex on March 17, 2009. Fedex now seeks to recover $19,524.50 in attorney's fees for 84.20 hours of attorney time (including one hour of time on

the attorney's fee application), which are allowed pursuant to the contract[1] between the parties; Defendant has not filed any opposition to the Motion.

*Standard for Reasonable Fee Award*

In formulating a fee that is reasonable, federal courts employ the familiar lodestar approach. *See Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826 (M.D. Fla. 1987) (awarding fees in copyright case using the lodestar). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see Cable/Home Communication Corp. v. Network Production*, 902 F.2d 829, 853 n.37 (11th Cir. 1990).

Although the district court must examine each of the *Johnson* factors, it is not obligated to adjust a fee upward or downward in every instance where one or another of the factors is found to be present. *Marion v. Barrier*, 694 F.2d 229, 231 (11th Cir. 1982). Rather, *Johnson* suggests a balancing

---

[1] Pursuant to each waybill and invoice, Defendant agreed that it would be responsible for all reasonable costs incurred by [Fedex] in obtaining or attempting to obtain payment for services rendered by [FCIS]. Such costs include, but are not limited to attorney's fees, collection agency fees, interest and court costs." Doc. No. 38 at 3.

process, with the trial judge remaining responsible for the discretionary functions of assessing the weight to be given to each factor and the appropriate adjustments to make in the fee. *Id.*

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984). In fact, the going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990); *see Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers,* 34 F.3d 1148 (2d Cir. 1994) (prevailing community court should use in setting the lodestar is the district in which the court sits).

An applicant may meet this burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The court may also use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303; *American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F.Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Services,* 203 F.Supp. 2d 1328, 1331 (M.D. Fla. 2002). In exercising its discretion, this Court must consider "the prevailing marketplace rates for the type of work and the experience of the attorneys." *Cabrera v. Jakabovitz,* 24 F.3d 372, 392 (2d Cir. 1994). Services of paralegals and law clerks are also compensable at market rates. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288-89 (1989); *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996); *American Charities,* 278 F.Supp.2d at 1310.

In cases in which the documentation is inadequate, the "district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Norman*, 836 F.2d at 1303. Because the Court is itself an expert on attorney's fees, it may consider its own knowledge and experience and award attorney's fees based solely on affidavits in the record. *Id.* Excessive, redundant, and unnecessary hours should be excluded from a fee award. *Id.* at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Supreme Court requires fee applicants to exercise billing judgment which means that the applicant should "exclude from his fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours that would be "unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.3d at 1301; *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Excluding excessive hours means that a lawyer may not be compensated for activities which would not be billed to a client intent on vindicating its rights. *Id.* Exclusions for excessive hours are ultimately left to the discretion of the District Court. *Id.*

*Reasonable hours*

The 84.3 hours time submitted by counsel for Fedex appears reasonable and Defendant has submitted no opposition.

*Reasonable rates*

Mr. Mitrani's affidavit in support fails to set forth his level of experience or that of the other attorneys at his firm, however, the firm website and Martindale Hubbell report that he was admitted to the bar in 2004. *See* http://www.phillipslawyers.com/attorney6.htm (April 27, 2009). An hourly rate of $190 for a fifth year associate like Mr. Mitrani is reasonable. The hourly rate for Mr. Shalek

is listed as $295; the firm profile lists his Florida bar admission as 1994, thus he has been practicing in Florida for 15 years and practices in commercial litigation; this rate is also reasonable. However, the Court will reduce the rate of $425 per hour for the managing partner. Mr. Phillips – who billed in total 0.3 hours in the case to "review status and prepare email regarding initial disclosures" – to Mr. Mitrani's $190 rate.

*Conclusion*

It is respectfully **RECOMMENDED** that Fedex's Motion for Attorneys' Fees (Doc. No. 38) be **GRANTED in part** in the amount of **$19,454.00**[2] for attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 27, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]The Court has subtracted $70.50 as the adjustment for Mr. Phillips' 0.3 hour of time recalculated at Mr. Mitrani's rate ($425 - $190 times 0.3).